IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TINA COX                                                                                          PLAINTIFF

V.                                                              CAUSE NO.: 1:18-CV-199-SA-DAS

GUIDEONE AMERICAN INSURANCE
COMPANY                                                                                         DEFENDANT

ORDER

The Plaintiff in this case originally filed her Complaint [2] in the Circuit Court of Lee County Mississippi on September 10, 2018 against GuideOne American Insurance Company. The case was timely removed to this Court by GuideOne on November 9, 2018. In addition to this case, GuideOne removed four similar cases, all of which were assigned to either Judge Aycock, Judge Mills, or Judge Davidson.

Identical motions to remand, and motions to dismiss are currently pending in all five cases. Because of the common facts and questions of law all five cases, the Court, on its own motion, invokes Rule 42 of the Federal Rules of Civil Procedure.

*Legal Standard*

Federal Rule of Civil Procedure 42 provides that "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. FED. R. CIV. P. 42. "The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42." *Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). "A motion to consolidate is not required; the court may invoke Rule 42 *sua sponte*." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Consolidation does not completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately,

for the two suits retain their separate identities and each requires the entry of a separate judgment. *Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1012 (5th Cir. 1969).

*Discussion*

In all five cases, each Plaintiff filed identical complaints, with the exception of information regarding each Plaintiff's identity and residence. They each assert the same theories of liability, and in addition, on November 28, 2018, the Plaintiffs all filed identical Motions to Remand. All five complaints are premised on the same set of factual allegations and the Motions to Remand argue the same legal grounds.

Consolidation is proper to efficiently adjudicate these cases without causing unnecessary delay. The Court orders the consolidation of these cases. The Court finds that consolidation would not deprive either party of any substantial right. *Miller*, 729 F.2d at 1035.

*Conclusion*

Because the Court finds that consolidation of these cases will avoid unnecessary delay and aid judicial efficiency, the Court orders the consolidation of the following cases:

*Cox v. GuideOne American Insurance Company et al* 1:18-cv-199-SA-DAS

*Pegram, Jr. v. GuideOne American Insurance Company et al* 1:18-cv-200-GHD-DAS

*Sullivan v. GuideOne American Insurance Company et al* 1:18-cv-201-GHD-DAS

*Sullivan v. GuideOne American Insurance Company et al* 1:18-cv-202-SA-DAS

*Rhea v. GuideOne American Insurance Company et al* 1:18-cv-242-MPM-RP

Pursuant to Local Rule 42, Case Number 1:18-cv-199-SA-DAS will serve as the lead case, and the style will read as above captioned. The remaining cases will be members of the lead case.

The plaintiffs and all counsel associated with lead and member cases are directed to indicate both the lead case number and the consolidated case number in the caption of any documents filed with the court. The word "CONSOLIDATED" must appear directly under the lead case number.

Plaintiffs and all counsel are directed to docket and file all documents in the lead case unless otherwise directed. Documents may be filed in all cases by printing the words "FILED IN ALL CASES" in the caption under the last case number and electronically filing the document in every case which the document is to be filed, or appropriately spreading the filing according to the court's electronic management and filing system. The parties are responsible for accurately and correctly adhering to these requirements in all filings via the court's electronic case management system.

It is SO ORDERED, on this the 5th day of March, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE